**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MPI TECH A/S, | |
| Plaintiff, | 15-cv-4891 (LGS) (DCF) |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| Defendant. | |

## DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO HOLD PLAINTIFF MPI TECH A/S AND/OR ITS COUNSEL IN CIVIL CONTEMPT, AND FOR SANCTIONS

## <u>TABLE OF CONTENTS</u>

BACKGROUND ........................................................................................................................ 2

ARGUMENT ........................................................................................................................... 4

   A.   This Court Has Already Held that the Protective Order's Use Prohibition Is Clear and Unambiguous in Relation to the Filing of a New Complaint ................................. 5

   B.   The Proof of MPI's Violation of the Protective Order's Use Prohibition Is Clear and Convincing ...................................................................................................... 6

   C.   Plaintiff Has Not Attempted Reasonable Compliance with the Protective Order's Use Prohibition ........................................................................................................ 10

   D.   The Court Should Compel Compliance with the Use Prohibition and Should Award IBM its Fees .................................................................................................. 12

CONCLUSION ....................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Chao v. Gotham Registry, Inc.*, 514 F.3d 280 (2d Cir. 2008) ................................................... 6, 10

*Doresett v. Cty. of Nassau*, No. CV 10-01258 (ADS), 2012 WL 2076911
    (E.D.N.Y. June 7, 2012) ........................................................................................................ 5

*Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*,
    642 F. Supp. 2d 276 (S.D.N.Y. 2009) .................................................................................. 14

*Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HPB),
    2009 WL 3762305 (S.D.N.Y. Nov. 10, 2009) .................................................................. 4, 11

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, No. CIV 10-1020 JB/LFG,
    2010 WL 5477266 (D.N.M. Dec. 7, 2010) ........................................................................ 13

*GMA Accessories, Inc. v. Eminent, Inc.*, No. 07CIV. 3219 (LTS)(DF),
    2008 WL 2355826 (S.D.N.Y. May 29, 2008) ...................................................................... 5

*Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014) ................................................ 5

*Hunt v. Enzo Biochem, Inc.*, No. 06 Civ. 170(SAS), 06 Civ. 213(SAS),
    06 Civ. 6347(SAS), 2011 WL 4840713 (S.D.N.Y. Oct. 12, 2011) ........................................ 12

*Hussein v. Nev. Sys. of Higher Educ.*, No. 3:04-CV-0455-JCM(GWF),
    2010 WL 3035140 (D. Nev. July 3, 2010) .......................................................................... 12

*In re Bearingpoint, Inc.*, No. 09-10691 (REG), 2011 WL 4945143
    (Bankr. S.D.N.Y. Oct. 7, 2011) ........................................................................................... 12

*In re Managed Care Litig.*, Master File No. 00-1334-MD,
    2008 2741529 (S.D. Fla. July 14, 2008) ............................................................................. 13

*King v. Allied Vision, Ltd.*, 65 F.3d 1051 (2d Cir. 1995) .............................................................. 9

*N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989) ..................................... 12

*N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989) ..................................... 5

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*,
   369 F.3d 645 (2d Cir. 2004) ...................................................................... 5, 6, 10, 14

*S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) ............................ passim

*Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*,
   7 F.3d 1091 (2d Cir. 1993) ............................................................................................ 9

*Schiller v. City of N.Y.*, No. 04 Civ. 7921 KMK/JCF,
   2007 WL 1623108 (S.D.N.Y. June 5, 2007) ................................................................ 4

*Weitzman v. Stein*, 98 F.3d 717 (2d Cir. 1996) ............................................................ 12

**Rules**

Fed. R. Civ. P. 26 ....................................................................................................... 1, 3

Fed. R. Civ. P. 37 ................................................................................................. 1, 4, 12, 14

Plaintiff MPI Tech A/S ("MPI") has forced this Court to adjudicate no fewer than three misguided motions seeking to use confidential documents produced in this case to launch new and unrelated claims for copyright infringement against International Business Machines Corporation ("IBM") and third parties.  Each time, this Court has resoundingly—and correctly— rejected MPI's requests because the Protective Order in this case unequivocally bars MPI from using documents produced in this case for any purpose other than advancing its claims in this case.

Now, remarkably, as if all of the briefs and orders of the last six months never happened, MPI has done exactly what this Court has ruled over and over that MPI cannot do.  MPI has filed a new case for copyright infringement against IBM and Crawford Technologies, Inc. ("Crawford"), *MPI Tech A/S v. Int'l Bus. Machines Corp. et al.*, Case No. 16-cv-09161 (S.D.N.Y.), that MPI admits is premised on documents produced pursuant to the Protective Order in this case.  This is a blatant violation of the Court's Protective Order (*See* Affidavit of Daniel Zaheer ("Zaheer Aff."), Ex. 3 (Dkt. 44)) and of the Court's October 13, 2016 Order (Dkt. 224), which specifically holds that MPI is prohibited from using documents produced in this case to file a new case for copyright infringement.

MPI's inexplicable and unjustifiable action cannot be countenanced.  IBM respectfully moves this Court to hold MPI and/or its counsel in civil contempt pursuant to Fed. R. Civ. P. 26 and 37 and Civil Local Rule 83.6 of this Court.  MPI and/or its counsel should be required to come into compliance with this Court's orders by withdrawing its Complaint in Case No. 16-

09161.  The Court should also sanction MPI and/or its counsel by requiring payment of IBM's

fees for the substantial burdens created by MPI's refusal to comply with the Court's orders.[1]

## BACKGROUND

This Court's October 13, 2016 and November 14, 2016 Orders provide a detailed

overview of the history of MPI's request for court approval to violate the Protective Order in this

matter.  *See* Zaheer Aff. Ex. 1. (Dkt. 224) at 2-5; Zaheer Aff. Ex. 2 (Dkt. 235) at 2-4.  IBM here

highlights a few key milestones.

MPI filed this case on June 23, 2015.  *See* Dkt. 1.  In October 2015, IBM sought and

obtained MPI's stipulation to a protective order that was to "govern the use and handling of any

documents . . . and any other information produced" in this case.  Zaheer Aff. Ex. 3 (Dkt. 44) ¶

1; Dkt. 182 ¶ 2.  The parties jointly requested that the Court enter the proposed protective order

and the Court did so on October 19, 2015.  Zaheer Aff. Ex. 3 (Dkt. 44).  Critically, the Protective

Order provides that "[a]ll Discovery Material produced in the Action shall be used only for the

purposes of prosecuting or defending the Action . . . ."  *Id.* ¶ 2 (hereinafter the "Use

Prohibition"); *see also* Zaheer Aff. Ex. 4 (Dkt. 59) ¶ 3 (protective order amendment reiterating

that MPI employees authorized to access Discovery Material "may use such documents and

information only for the purposes of this litigation, as set forth in this Protective Order").

On April 4, 2016, MPI made a motion seeking to use three privileged documents that

were inadvertently produced by IBM as the basis to bring a new action against IBM and others

for copyright infringement and other claims.  Dkt. 125.  On May 16, 2016, the Court ruled that

---

[1] In addition to filing this motion, IBM reserves its right to seek additional appropriate relief in Case No. 16-09161. In particular, IBM reserves the right to move to dismiss or strike the complaint in that case and, if appropriate, to seek sanctions via Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, the Court's inherent authority, and any other applicable basis.

the documents were privileged and that MPI should return or destroy all copies.  Zaheer Aff. Ex. 5 (Dkt. 163).

Undeterred, and in violation of Fed. R. Civ. P. 26(b)(5)(B), MPI's counsel used knowledge of the clawed-back documents to search through the document productions in this case for further evidence to support the purported copyright claims.  MPI's counsel found a few documents obliquely referencing copyrights in a production by third party Ricoh Print Solutions LLC ("Ricoh").  But these documents, like the privileged emails, were produced pursuant to the Protective Order and its Use Prohibition.

On May 23, 2016, MPI moved for clarification or modification of the Protective Order, seeking the Court's permission to use the Ricoh documents to support a separate, new case for copyright infringement against IBM and potentially also against Ricoh and Crawford.  Dkt. 171. The Court denied that application on October 13, 2016.[2]  Zaheer Aff. Ex. 1. (Dkt. 224).  In particular, the Court held that "the plain language of the Protective Order dictates" that MPI would violate the Protective Order "if it were to use the documents produced in discovery, by IBM and/or Ricoh, to support the assertion of copyright infringement and potentially other claims against those entities or others in a new lawsuit." *Id.* at 5.

Still undeterred, MPI on October 24, 2016, filed a motion for leave to file a Fourth Amended Complaint that would add the copyright claim to this case and possibly join Ricoh and Crawford as parties.  Dkt. 225.  The Court denied that motion as well.  Zaheer Aff. Ex. 2 (Dkt. 235).  MPI has filed an Objection to that order, which is currently pending before Judge Schofield.  *See* Dkt. 238.

Notwithstanding this history, on November 25, 2016, MPI filed a complaint for copyright infringement and misappropriation of trade secrets against IBM and Crawford.  *See* Zaheer Aff.

---

[2] MPI initially sought Judge Schofield's review of that Order but later withdrew the challenge.  Dkt. 239.

Ex. 6 (Dkt. 1 in Case No. 16-09161 (S.D.N.Y.)).  That case is pending before the Honorable

Katherine B. Forrest.  *See* Minute Order of Dec. 5, 2016 in Case No. 16-09161.  The Complaint

in Case No. 16-09161 contains no substantive allegations shedding light on the factual basis for

the claims.  But, the Complaint on its face indicates that it is based on "certain information"

discovered by MPI's counsel last March—precisely when counsel was reviewing Ricoh's

document production.  *See* Zaheer Aff. Ex. 6 (Dkt. 1 in Case No. 16-09161) ¶ 8 (alleging that

MPI "first had reason to know of the existence of . . . the acts of copyright infringement and

common law misappropriation on or about March 15, 2016 . . . when its agent, the undersigned

counsel, first became aware of certain information"); Zaheer Aff. Ex. 7 (Dkt. 243 in Case No.

15-04891) ¶¶ 3-6 (declaration of MPI counsel stating that he reviewed Ricoh's document

production in March 2016).  Later, in a letter to Judge Forrest, MPI even more directly admitted

that the Complaint is "informed by" the discovery in this case.  Dkt. 15 at 2 in Case No. 16-

09161.  And, despite IBM's multiple requests that MPI provide the factual basis for its new

Complaint, MPI has never provided any such basis other than the discovery documents in this

case.  *See* Zaheer Aff. ¶¶ 3-5 & Exs. 8, 9, 10.

## ARGUMENT

MPI's violation of the Protective Order is sanctionable as a contempt under Fed. R. Civ.

P. 37(b)(2).  *See Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HPB), 2009 WL 3762305, at *5

(S.D.N.Y. Nov. 10, 2009); *see also Schiller v. City of N.Y.*, No. 04 Civ. 7921 KMK/JCF, 2007

WL 1623108, at *3 (S.D.N.Y. June 5, 2007) ("Discovery orders that can be enforced through

Rule 37(b) include protective orders issued under Federal Rule of Civil Procedure 26(c).")

(internal quotations and citations omitted).  A court may hold a party in civil contempt "for

failure to comply with a court order if (1) the order the contemnor failed to comply with is clear

4

and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotations and citations omitted).  A finding of willfulness or bad faith is not required to hold a party in civil contempt, *id.*, but courts may consider "the willfulness of the non-compliant party" in determining the appropriate sanctions.  *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

### A. This Court Has Already Held that the Protective Order's Use Prohibition Is Clear and Unambiguous in Relation to the Filing of a New Complaint

A "'clear and unambiguous order' is one 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'"  *Doresett v. Cty. of Nassau*, No. CV 10-01258 (ADS), 2012 WL 2076911, at *7 (E.D.N.Y. June 7, 2012) (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989)); *see also Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 143 (2d Cir. 2014) ("[U]nless the parties can ascertain from the four corners of the order precisely what acts are forbidden, the order cannot form the basis for contempt.") (internal quotation marks and citation omitted).  But a "clear and unambiguous order" need not spell out "every conceivable example" of "prohibited conduct."  *GMA Accessories, Inc. v. Eminent, Inc.*, No. 07CIV. 3219 (LTS)(DF), 2008 WL 2355826, at *3 (S.D.N.Y. May 29, 2008).

In its October 13, 2016 Order, the Court held that "The Terms of the Protective Order Are Unambiguous." Zaheer Aff. Ex. 1. (Dkt. 224) at 5.  Indeed, in response to MPI's request for "clarification" that the Protective Order could be read to permit MPI's separate copyright suit, the Court stated that "[t]his Court cannot provide the 'clarification' MPI seeks, as the plain language of the Protective Order dictates otherwise." *Id.*  The Court continued that "the plain

language of the Protective Order states . . . that '[a]ll Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action,' and courts have consistently interpreted this type of language to prohibit produced material from being used to support the commencement of separate litigation." *Id.* at 6.  The Court concluded by emphasizing that "the plain language of the Protective Order does not support the interpretation that MPI would urge upon the Court." *Id.* at 8.

The Court further interpreted the Protective Order's "use" restriction "to prohibit produced material from being used to support the commencement of separate litigation." *Id.* at 6.  And, the Court directly warned MPI that even action taken "to prepare for the potential use of produced documents in new litigation . . . would be prohibited by the Protective Order . . . ." *Id.* at 13-14.  There is no doubt that the Protective Order prohibited Plaintiff from using information acquired via discovery in this case to support a complaint in a separate action.  *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 292 (2d Cir. 2008) ("[The] proper measure of clarity . . . is not whether the decree is clear in some general sense, but whether it unambiguously proscribes the challenged conduct.").

**B.  The Proof of MPI's Violation of the Protective Order's Use Prohibition Is Clear and Convincing**

The Court may hold a party in civil contempt if its violation of a court order is "clear and convincing." *Paramedics Electromedicina Comercia*, 369 F.3d at 655.  Thus the question presented to the Court is whether there is a "clear and convincing" record that Plaintiff "used" any "Discovery Material" for a purpose other than "prosecuting" this case, namely to file the complaint in Case No. 16-09161. *See* Zaheer Aff Ex. 3 (Dkt. 44) ¶ 2.

This standard is easily met here.  MPI has admitted that it used documents produced by Ricoh pursuant to the Protective Order in this case, as the basis of its complaint in Case No. 16-

09161.  Specifically, in a letter brief filed with Judge Forrest, MPI indicated that "the factual basis for the [copyright] Complaint" was Ricoh's "third-party production (29,000+ pages of mostly technical documents)."  Dkt. 15, at 1 in Case No. 16-cv-09161.  Indeed, MPI "readily concedes [that] the pleading is informed by such Discovery Material."  *Id.* at 2.

This concession is also evident from the Complaint itself in Case No. 16-09161 and MPI's other filings in this case.  In a purported tolling allegation, MPI asserts that "MPI first had reason to know of the existence of, and the resulting injury from the acts of copyright infringement and common law misappropriation on or about March 15, 2016."  Zaheer Aff. Ex. 6 (Dkt. 1 in Case No. 16-09161) ¶ 8.  MPI continues that "[t]his state of constructive knowledge of MPI arose when its agent, the undersigned counsel, first became aware of certain information."  *Id.*  The Court need not guess at what this "certain information" is, as MPI's counsel admitted in a declaration filed in this case just a few days later that it was during this exact time period (March 2016) that MPI's counsel reviewed Ricoh's document production and discovered the Protective Order-covered documents that MPI believes support a copyright claim.  *See* Zaheer Aff. Ex. 7 (Dkt. 243) ¶¶ 4-6 (asserting that "In March [2016] . . . I began review of Ricoh's documents . . . .").  By April 12, 2016, MPI raised in a letter to this Court that "[n]ew causes of action that may be asserted by MPI are implicated . . . by the Ricoh documents . . . ."  Dkt. 129-1 at 3.  Based on this record, there can be no doubt that MPI based its Complaint in Case No. 16-09161 on the Ricoh-produced documents subject to the Protective Order in this case.

Notably, MPI has never suggested that that there is any *other* basis for its Complaint in Case No. 16-09161 beside the Ricoh documents covered by the Protective Order.  Despite repeated requests by IBM, MPI has failed to identify any factual basis for its Complaint in Case

No. 16-09161 other than the Protective Order-covered documents that MPI is prohibited from using.  *See* Dkt. 15 in Case No. 16-cv-09161 (letter brief filed by MPI's counsel stating that "IBM also wanted a 'meet and confer' call in which I should explain the factual basis of the Complaint.  *I declined to do this*." (emphasis added)); Zaheer Aff. Exs. 8, 9, 10 (e-mail correspondence between counsel).  The Complaint itself provides no factual basis at all for its allegations of copyright infringement and misappropriation of trade secrets.  *See generally* Zaheer Aff. Ex. 6 (Dkt. 1 in Case No. 16-cv-09161).  Indeed, MPI has pleaded its claims primarily "upon information and belief."  *See id.*  MPI does not elaborate on the basis for such information and belief, but its December 13, 2016 letter makes clear that the basis is Discovery Material subject to the Use Prohibition.  *See* Dkt. 15 in Case No. 16-cv-09161.

Rather than identifying a legitimate factual basis for its copyright claims, MPI's December 13 letter advances multiple flimsy justifications for MPI's contempt.  None of these excuses MPI's conduct.  First, MPI claims that its use of discovery information as a basis for the copyright case is appropriate because the Use Prohibition should "be construed . . . based on the Protective Order's stated purpose to preserve the confidentiality of business secrets and proprietary information . . . ."  *Id.* at 2.  But this Court considered and flatly rejected exactly that argument in its October 13, 2016 Order.  *See* Zaheer Aff. Ex. 1 (Dkt. 224) at 6-8 (rejecting argument that "the 'use' restriction . . . should be interpreted in a manner consistent with its supposed 'primary purpose . . . to prevent public disclosure of commercial misuse of sensitive information"); *id.* at 8 ("[T]he plain language of the Protective Order does not support the interpretation that MPI would urge upon the Court.").

Second, MPI claims that it has not violated the Use Prohibition because MPI's copyright complaint "makes no reference to any Discovery Material" from this case, but is only "informed

by such material."  Dkt. 15 in Case No. 16-cv-09161, at 2.  This too is not a colorable reading of the Protective Order or this Court's subsequent orders.  The Protective Order not only prohibits improper disclosures of Discovery Material (as MPI suggests), but it also contains a separate prohibition on improper uses of that material:

> All Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action, *and* shall not be disclosed to any person except in accordance with the terms hereof.

Zaheer Aff. Ex. 3 (Dkt. 44) ¶ 2 (emphasis added).  MPI's interpretation improperly attempts to collapse these two separate prohibitions (on use *and* disclosure) into a single one.  This is not permitted under the most basic canon of construction.  *See, e.g.*, *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993) (Courts must "safeguard against adopting an interpretation that would render any individual provision superfluous."). This Court's October 13, 2016 Order further emphasizes that the Use Prohibition "prohibit[s] produced material from being used to support the commencement of separate litigation."  Zaheer Aff. Ex. 1 (Dkt. 224) at 6.  And, this Court rejected MPI's attempt to limit the Use Prohibition to "refer[] only to the public disclosure . . . of such information."  *Id.* at 8.  Given these clear pronouncements of the Court, MPI cannot now legitimately claim that the Use Prohibition is solely a limitation on disclosure of confidential information.

Because MPI has concededly violated both the plain language of the Protective Order itself and a clear court order reiterating the applicability of the Protective Order to the precise factual scenario here, there can be no "fair ground of doubt" as to Plaintiff's violation of the Protective Order.  *See King v. Allied Vision, Ltd.*, 65 F.3d 1051,1058 (2d Cir. 1995).

**C. Plaintiff Has Not Attempted Reasonable Compliance with the Protective Order's Use Prohibition**

To hold a party in civil contempt, a court must also find that "the contemnor has not diligently attempted to comply in a reasonable manner" with the court order. *Paramedics Electromedicina Comercial*, 369 F.3d at 655. The court need not find that the contemnor acted willfully or in bad faith. *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 291 (2d Cir. 2008) ("Although the defendant's conduct need not be willful, a plaintiff must also prove that . . . the defendant has not been reasonably diligent and energetic in attempting to comply.").

Here, Plaintiff has done exactly what it agreed and was ordered not to do: use Discovery Material from this case to support a separate action. This disregard for the prohibitions of the Protective Order and the Court's subsequent orders cannot constitute a diligent attempt to comply with its obligations. If anything, Plaintiff has acted diligently *not* to comply with the Protective Order. To that end—and despite stipulating to the Protective Order—Plaintiff filed a motion to Clarify or Amend Paragraph 2 of the Protective Order, *see* Dkt. 176, a reply memorandum of law in support of that same motion, *see* Dkt. 199, and (after the Court denied that motion on November 14, 2016) and an objection to that court order, *see* Dkt. 238. Yet, despite all of these efforts to "clarify" (*i.e.*, change) the meaning of the Protective Order, once MPI received a definitive pronouncement that it could not proceed with a new copyright suit based on Discovery Information, MPI pressed forward anyway.

Indeed, although bad faith need not be shown, Plaintiff's unjustifiable defiance of this Court's orders epitomizes bad faith conduct. *See S. New Eng. Tel.*, 624 F.3d at 148 (affirming a finding of bad faith by a contemnor who failed to produce relevant documents in discovery where the "conduct was not isolated but rather formed a pattern of prolonged and vexatious obstruction") (internal quotations and citations omitted). Despite this Court's unambiguous

10

October 13, 2016 Order that the Protective Order's Use Prohibition prohibited "produced material from being used to support the commencement of separate litigation," Zaheer Aff. Ex. 1 (Dkt. 224) at 6, MPI nonetheless commenced separate litigation based on precisely those materials. *See S. New Eng. Tel.*, 624 F.3d at 147-48 (concluding that conduct in direct defiance of discovery orders "was intentional rather than merely negligent"). And Plaintiff filed its complaint in Case No. 16-09161 on November 26, 2016, the very same day it filed its objection to the Court's Order denying Plaintiff's motion to clarify or amend the Protective Order in this case. *See Flaherty*, 2009 WL 3762305, at *5 (finding a party in contempt for violating a court order, despite the fact that she "sought relief from the confidentiality obligations as to the materials in accordance with the terms of the order [because] there is no evidence that she attempted diligently or in a reasonable manner to comply with its terms in her filings and disclosures of the documents *while her application was pending and the Protective Order remained in force with respect to the subject documents*" (emphasis added)). Plaintiff made no attempt to comply with the Protective Order's Use Prohibition, let alone efforts that could be found reasonable or diligent.

Finally, MPI's conduct suggests that it has pursued its copyright complaint in an effort to improperly leverage a settlement by imposing the burdens of a new litigation on IBM. Immediately after MPI filed Case No. 16-09161, its counsel proposed alternative dispute resolution, suggesting that IBM might want to avoid negative press attention:

> I cannot imagine the existence of this case in a public forum is a happy event for IBM and Crawford. Already yesterday an IP trade publication in London found it and wrote a story about it and e mailed me seeking comment, and I did not reply. We would certainly consider making an agreement to arbitrate and get 9161 out of Court and for public purposes that 9161 would be withdrawn.

Zaheer Aff. Ex. 10 (November 29, 2016 E-mail from Marc Goldstein). This too speaks of MPI's bad faith, warranting sanctions.

### D. The Court Should Compel Compliance with the Use Prohibition and Should Award IBM its Fees

Courts have "wide discretion in fashioning a remedy" for civil contempt. *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (internal quotations and citations omitted). The purpose of civil contempt sanctions is "to compel obedience to a lawful court order [and] to provide compensation to a complaining party . . . ." *N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). Because Fed. R. Civ. P. 37 "serves punitive and deterrent functions in addition to being a tool to compel compliance," a court may impose a variety of sanctions, including awarding reasonable attorneys' fees caused by the failure to comply with the protective order. *Hunt v. Enzo Biochem, Inc.*, No. 06 Civ. 170(SAS), 06 Civ. 213(SAS), 06 Civ. 6347(SAS), 2011 WL 4840713, at *3 (S.D.N.Y. Oct. 12, 2011); *see also S. New Eng. Tel.*, 624 F.3d at 149 (describing the multiple purposes served by "[d]isciplinary sanctions under Rule 37"). Where a court finds a violation of a court order under Rule 37, an award of reasonable attorneys' fees is required, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Sanctions awards under Rule 37 are payable by "the disobedient party, the attorney advising that party, or both." *Id.*

In order to compel MPI's compliance with the Use Prohibition, the Court can and should order that MPI withdraw its Complaint in Case No. 16-09161. *See In re Bearingpoint, Inc.*, No. 09-10691 (REG), 2011 WL 4945143 (Bankr. S.D.N.Y. Oct. 7, 2011) (finding party in contempt for filing an action in another judicial district in violation of a court order and, as a remedy therefor, ordering that party to withdraw the complaint and dismiss that action with prejudice); *Hussein v. Nev. Sys. of Higher Educ.*, No. 3:04-CV-0455-JCM(GWF), 2010 WL 3035140, at *14 (D. Nev. July 3, 2010) (finding plaintiff in contempt for violating court's order not to file further litigation and holding with regard to a case in same district before another district judge that

12

"[w]ithin ten (10) days of the date of this order, Dr. Hussein shall withdraw the second amended complaint in the Hussein 8 case and take any other steps necessary to effectuate the dismissal of all claims against Mary Dugan and Charles Hilsabeck in the Hussein 8 case"); *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, No. CIV 10-1020 JB/LFG, 2010 WL 5477266, at *2 (D.N.M. Dec. 7, 2010) (to compel compliance with district court order, "[t]he Court orders Leviton to move to withdraw its Complaint filed in the ITC action"); *In re Managed Care Litig.*, Master File No. 00-1334-MD, 2008 2741529, at *7 (S.D. Fla. July 14, 2008) ("If [party] fails to voluntarily withdraw, either through an amended complaint or stipulated order striking these paragraphs from [a complaint filed in a different judicial district], [the party] and his counsel may be held in contempt of this Court's Order.").  As noted previously, *see supra* note 1, IBM intends to file a motion before Judge Forrest to strike or dismiss MPI's copyright complaint. However, because this Court entered the Protective Order in this case and the October 13, 2016 Order, this Court holds the authority to compel compliance with those orders.  IBM respectfully submits that the Court should order that MPI comply with its obligations.

In addition, an award of IBM's attorneys' fees is warranted here because Plaintiff violated the Protective Order without justification and no other circumstances in this case make an award of fees unjust.  MPI's bad faith violation of the Protective Order's Use Prohibition also supports imposition of such sanctions.  *See S. New Eng. Tel.*, 624 F.3d at 144.  A reasonable award of attorneys' fees here includes: (1) those directly related to IBM's prosecution of the instant contempt motion; (2) those related to IBM's defense of Case No. 16-09161; and (3) those related to IBM's litigation of the Protective Order clarification motion the result of which MPI ultimately chose to ignore.[3]

---

[3] An estimate of the current amount of fees IBM has incurred in relation to Plaintiff's violation of the Protective Order is included in the accompanying affidavit submitted pursuant to Local Civil Rule 83.6(a).  *See* Zaheer Aff. ¶¶

It is well-settled that a party should be compensated for successfully prosecuting a civil contempt motion against a non-compliant party.  *See, e.g.*, *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 642 F. Supp. 2d 276, 299 (S.D.N.Y. 2009) ("The traditional award of fees on a contempt motion is targeted at the expense engendered in seeking relief for the contempt as such.").  But courts may also award fees that are generally "correlated with the loss" a party incurred as a result of the contemnor's conduct.  *Paramedics Electromedicina Comercial,* 369 F.3d at 658.   Here, all three categories of fees sought are the direct product of MPI's months-long effort to frustrate this Court's enforcement of the Protective Order's Use Prohibition.  Each category was "caused by [Plaintiff's] failure" to comply with the Protective Order.  *See* Fed. R. Civ. P. 37(b)(2)(C).  But for MPI's unjustifiable conduct, IBM would never have had to incur the burden of responding to MPI's clarification motion or MPI's copyright complaint, or filing this contempt motion.  More fundamentally, if MPI had intended upon proceeding with its copyright complaint no matter what the Court ruled with regard to the clarification motion then the litigation of that motion was from the beginning a massive waste of time and resources.  IBM should not be charged with bearing the burden of MPI's inexplicable conduct.  Accordingly, in order to properly fulfill Rule 37's policy of full compensation and deterrence, the Court should render an award of fees that extends to *all* of IBM's efforts in response to MPI's bad faith defiance of the Protective Order.  *See S. New Eng. Tel.*, 624 F.3d at 149 (recognizing that "[d]isciplinary sanctions under Rule 37 . . . are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault" (internal quotations and citations omitted)).

---

7-10.  In the event the Court grants this motion, IBM will supplement its submission with the final amounts incurred and sought.

**CONCLUSION**

For the foregoing reasons, Defendant requests that the Court enter an order as follows:

1) MPI and/or its counsel are in contempt of the Protective Order stipulated by the parties and executed by this Court on October 19, 2015, *see* Zaheer Aff Ex. 3 (Dkt. 44), and the Court's October 13, 2016 Order, *see* Zaheer Aff. Ex. 1 (Dkt. 224);

2) MPI and/or its counsel shall comply fully with all terms of the Protective Order;

3) MPI and/or its counsel shall within 10 days of the entry of the contempt order cause MPI's Complaint in Case No. 16-09161 to be withdrawn and take all necessary action to dismiss the claims asserted in that case;

4) MPI and/or its counsel shall compensate Defendant for the attorneys' fees incurred to prosecute the instant motion;

5) MPI and/or its counsel shall compensate Defendant for the attorneys' fees incurred to respond to Plaintiff's motion to Clarify or Amend Paragraph 2 of the Protective Order, *see* Dkt. 171;

6) MPI and/or its counsel shall compensate Defendant for the attorneys' fees incurred to respond to MPI's Complaint in Case No. 16-09161; and

7) Any other relief that the Court may deem appropriate to compensate Defendant for MPI's and/or its counsel's violation of the Protective Order and to ensure MPI's and its counsel's compliance with the Protective Order.

Dated: New York, New York
      January 9, 2017

                        KOBRE & KIM LLP

                        */s/ Jonathan D. Cogan*
                        Jonathan D. Cogan
                        Steven G. Kobre (SK-6310)
                        Jonathan D. Cogan (JC-4474)
                        800 Third Avenue
                        New York, New York 10022
                        Tel: (212) 488-1200
                        Fax: (212) 488-1222
                        Email: steven.kobre@kobrekim.com
                        Email: jonathan.cogan@kobrekim.com

                        Daniel A. Zaheer (admitted *pro hac vice*)
                        150 California Street, 19th Floor
                        San Francisco, CA 94111
                        Tel: (415) 582-4800
                        Fax: (415) 582-4811
                        Email: daniel.zaheer@kobrekim.com

                        *Attorneys for Defendant*
                        *International Business Machines Corp.*

## CERTIFICATE OF SERVICE

I, Daniel A. Zaheer, declare under penalty of perjury that I served a copy of the attached upon all parties in this case by e-mail to the following person:

Marc J. Goldstein
One Rockefeller Plaza, 11th Floor
New York, New York 10020
goldstein@lexmarc.us

Dated: January 9, 2017                           */s/ Daniel A. Zaheer*

Daniel A. Zaheer
Kobre & Kim LLP
150 California Street, 19th Floor
San Francisco, CA 94111
Tel: (415) 582-4800
Fax: (415) 582-4811
Email: daniel.zaheer@kobrekim.com