**Marc J. Goldstein, Esq.**
**MJG Arbitration & Mediation**            **Direct Dial: (212) 799-8605**
                                            **Mobile:      (917) 498-1230**

August 1, 2017

*VIA ECF*
Honorable Ronald L. Ellis
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *MPI Tech A/S v. International Business Machines Corporation*
      No. 15-cv-4891-LGS - DCF – RLE

Dear Judge Ellis:

This matter has been assigned to you for facilitation of settlement and is scheduled for a preliminary telephone conference on August 7, 2017. I write on my own behalf as a putative contemnor in the Report and Recommendation of Chief Magistrate Judge Freeman dated April 18, 2017.

The underlying issue in regard to compliance, or not, with a Protective Order use restriction, and a judicial order interpreting that clause, is quite similar to the issue you have recently decided in *Errant Gene Therapeutics, LLC v. Sloan-Kettering Institute for Cancer Research*, No. 15-cv-2044, ECF Docket # 149 (June 5, 2017 Opinion and Order) and which remains *sub judice* before you on a subsequent motion seeking contempt sanctions.

By the ethical standards applicable in private mediations, your adjudication of such a similar matter – particularly as a matter of discretion and not by application of controlling precedent -- would furnish an appropriate basis for a party to withhold consent to your appointment as a mediator on the basis of concerns about impartiality. *See, for example,* the JAMS Mediation Ethics Guidelines which identify in Article V as a risk of bias "any pre-existing ...opinion about the merits of the dispute being mediated."(https://www.jamsadr.com/mediators-ethics).

It is not entirely clear how the standard impartiality in Canon 3 of the Code of Conduct for United States Judges applies to this situation. It does seem right to consider that this settlement facilitation is a "proceeding" under subsection (c) (1) of Canon 3, even though it is non-adjudicative. And based on the foregoing indication of impartiality standards in private meditation this does appear to be a situation in which your "impartiality might reasonably be questioned." I therefore submit that you should consider whether a settlement facilitation process having the appearance of complete impartiality could more effectively take place before a Magistrate Judge who has not confronted and resolved such a similar question and is not, as you evidently are, presently deciding a contempt motion in such a similar case.

Hon. Ronald L. Ellis
August 1, 2017
Page two

In our conference call with Judge Schofield, I expressed a preference for mediation through the Court's ADR office but MPI and IBM stated a preference for assignment to a Magistrate Judge. I therefore consider that this choice of direction has already been made by Judge Schofield.

I brought this matter to the attention of IBM and MPI counsel a few weeks ago, by email, and neither made any reply.

    Respectfully submitted,

    S/ electronic signature

    Marc J. Goldstein

    cc.
        IBM and MPI counsel (via ECF)